UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL EUGENE JOHNSON,<br>    Plaintiff,<br>    v.<br>SUPERIOR COURT OF CALIFORNIA,<br>    Defendant. | Case No. 22-cv-05613-TLT<br><br>**ORDER OF DISMISSAL; GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS** |

Petitioner, a prisoner of the State of California proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction and sentence. ECF No. 7. His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner is granted leave to proceed *in forma pauperis*. *See* ECF No. 2. Because petitioner's state appeal is pending, the petition will be dismissed without prejudice.

## DISCUSSION

### A. Standard of Review

This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *Id.* § 2243.

### B. Petition

According to the petition, petitioner was convicted of second-degree robbery with the use

of a knife by a San Mateo County jury on July 25, 2022. ECF No. 7 at 1-2. Petitioner reports that his appeal is pending in the state appellate court. *Id.* at 3, 4. A review of the California Appellate Courts Cases Information System[1] also indicates that, as of the date of this order, petitioner's direct appeal, C No. A166220, is still pending with the opening brief due on May 25, 2023.

The Court DISMISSES this federal habeas petition for failure to exhaust state court remedies because it is clear from the face of the petition that petitioner has not yet exhausted state court remedies. Before a petitioner may bring a Section 2254 petition to challenge either the fact or length of his or her confinement, the petitioner must first exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). A district court may not grant the writ unless state court remedies are exhausted, or there is "an absence of available state corrective process," or such process has been "rendered ineffective." *See* 28 U.S.C. § 2254(b)(1)(A)-(B). Petitioner's direct appeal is still pending. Accordingly, this federal habeas petition is DISMISSED for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b). Petitioner may file a federal habeas petition challenging his 2022 San Mateo County state court criminal conviction after he has exhausted state judicial remedies by presenting his claims to the highest state court available.[2]

### C.   **Certificate of Appealability**

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Case, Rule 11(a). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard.

---

[1] The California Appellate Courts Cases Information System can be accessed at https://appellatecases.courtinfo.ca.gov/index.cfm.

[2] To the extent petitioner attempts to raise claims already adjudicated to the highest state court in a state habeas petition, *see* ECF No. 1 at 6, dismissal is nonetheless appropriate. *See Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending").

*Id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

## CONCLUSION

For the foregoing reasons, the Court GRANTS petitioner leave to proceed *in forma pauperis*; DISMISSES this petition for a writ of habeas corpus for failure to exhaust state court remedies as required by 28 U.S.C. § 2254(b) and DENIES a certificate of appealability.

**IT IS SO ORDERED.**

Dated: May 24, 2023

_____
TRINA L. THOMPSON
United States District Judge

3